# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 985 Jeffrey Road, Del Mar, CA 92014

Address of Defendant: 916 Grandview Drive, Exton, PA 19341

Place of Accident, Incident or Transaction: Pennsylvania and Delaware
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____  _____ Attorney-at-Law  _____ Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: October 7, 2009  _____ Attorney-at-Law  200068 Attorney I.D.#

CIV. 609 (6/08)

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 985 Jeffrey Road, Del Mar, CA  92014

Address of Defendant: 916 Grandview Drive, Exton, PA  19341

Place of Accident, Incident or Transaction: Pennsylvania and Delaware

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                          Attorney-at-Law              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: October 7, 2009   _____   200068
                          Attorney-at-Law              Attorney I.D.#

CIV. 609 (6/08)

APPENDIX G

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

```
Robert K. Vicino              :
Fractional Villas, Inc.       :
          V.      Plaintiffs  :
                              :        Civil Action
David Lucas                   :        No: _____
Lucas & Associates, LLC       :
                 Defendants   :
```

## DISCLOSURE STATEMENT FORM

Please check one box:

☒          The nongovernmental corporate party, <u>Fractional Villas, Inc.</u>
           , in the above listed civil action does not have any parent corporation and
           publicly held corporation that owns 10% or more of its stock.

❑          The nongovernmental corporate party, _____
           , in the above listed civil action has the following parent corporation(s) and
           publicly held corporation(s) that owns 10% or more of its stock:

           _____
           _____
           _____
           _____

October 7, 2009                          _____
_____                     Signature
       Date

              Counsel for:    _____    Plaintiffs    _____

## Federal Rule of Civil Procedure 7.1 Disclosure Statement
   (a)   WHO MUST FILE; CONTENTS.  A nongovernmental corporate party must file
         two copies of a disclosure statement that:
         (1)   identifies any parent corporation and any publicly held corporation
               owning10% or more of its stock;  or

         (2)   states that there is no such corporation.

   (b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
         (1)   file the disclosure statement with its first appearance, pleading,
               petition, motion, response, or other request addressed to the court;
               and
         (2)   promptly file a supplemental statement if any required information
               changes.

APPENDIX G

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

```
Robert K. Vicino                 :
Fractional Villas, Inc.          :
              Plaintiffs         :
       V.                        :          Civil Action
                                 :          No: _____
David Lucas                      :
Lucas & Associates, LLC          :
              Defendants         :
```

### DISCLOSURE STATEMENT FORM

Please check one box:

☒      The nongovernmental corporate party, <u>Fractional Villas, Inc.</u>
       , in the above listed civil action does not have any parent corporation and
       publicly held corporation that owns 10% or more of its stock.

☐      The nongovernmental corporate party, _____
       , in the above listed civil action has the following parent corporation(s) and
       publicly held corporation(s) that owns 10% or more of its stock:

       _____
       _____
       _____
       _____

<u>October 7, 2009</u>                                _____
     Date                                               Signature

                  Counsel for:   _____ Plaintiffs _____

## Federal Rule of Civil Procedure 7.1 Disclosure Statement

(a)   WHO MUST FILE; CONTENTS.  A nongovernmental corporate party must file
      two copies of a disclosure statement that:
      (1)   identifies any parent corporation and any publicly held corporation
            owning10% or more of its stock;  or

      (2)   states that there is no such corporation.

(b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
      (1)   file the disclosure statement with its first appearance, pleading,
            petition, motion, response, or other request addressed to the court;
            and
      (2)   promptly file a supplemental statement if any required information
            changes.

✎JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Robert K. Vicino<br>Fractional Villas, Inc. | David Lucas<br>Lucas & Associates, LLC |

| (b)  County of Residence of First Listed Plaintiff  San Diego, CA | County of Residence of First Listed Defendant  Chester, PA |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>LAND INVOLVED. |

| (c)  Attorney's (Firm Name, Address, and Telephone Number)  Paul & Paul<br>2000 Market Street, Suite 2900<br>Philadelphia, PA 19103 (215) 568-4900 | Attorneys (If Known) Kevin W. Goldstein, Esq.<br>Stradley Ronon Stevens & Young, LLP<br>2600 One Commerce Square<br>Philadelphia, PA 19103 |
|---|---|

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

| | |
|---|---|
| ❑ 1  U.S. Government<br>        Plaintiff | ☒ 3  Federal Question<br>        (U.S. Government Not a Party) |
| ❑ 2  U.S. Government<br>        Defendant | ❑ 4  Diversity<br>        (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                     and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❑ 1 | Incorporated or Principal Place<br>of Business In This State | ❑ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ❑ 2 | Incorporated and Principal Place<br>of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a<br>Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 610 Agriculture | ❑ 422 Appeal 28 USC 158 | ❑ 400 State Reapportionment |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 362 Personal Injury - | ❑ 620 Other Food & Drug | ❑ 423 Withdrawal | ❑ 410 Antitrust |
| ❑ 130 Miller Act | ❑ 315 Airplane Product | Med. Malpractice | ❑ 625 Drug Related Seizure | 28 USC 157 | ❑ 430 Banks and Banking |
| ❑ 140 Negotiable Instrument | Liability | ❑ 365 Personal Injury - | of Property 21 USC 881 | | ❑ 450 Commerce |
| ❑ 150 Recovery of Overpayment | ❑ 320 Assault, Libel & | Product Liability | ❑ 630 Liquor Laws | **PROPERTY RIGHTS** | ❑ 460 Deportation |
| & Enforcement of Judgment | Slander | ❑ 368 Asbestos Personal | ❑ 640 R.R. & Truck | ❑ 820 Copyrights | ❑ 470 Racketeer Influenced and |
| ❑ 151 Medicare Act | ❑ 330 Federal Employers' | Injury Product | ❑ 650 Airline Regs. | ❑ 830 Patent | Corrupt Organizations |
| ❑ 152 Recovery of Defaulted | Liability | Liability | ❑ 660 Occupational | ☒ 840 Trademark | ❑ 480 Consumer Credit |
| Student Loans | ❑ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ❑ 490 Cable/Sat TV |
| (Excl. Veterans) | ❑ 345 Marine Product | ❑ 370 Other Fraud | ❑ 690 Other | | ❑ 810 Selective Service |
| ❑ 153 Recovery of Overpayment | Liability | ❑ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❑ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❑ 350 Motor Vehicle | ❑ 380 Other Personal | ❑ 710 Fair Labor Standards | ❑ 861 HIA (1395ff) | Exchange |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle | Property Damage | Act | ❑ 862 Black Lung (923) | ❑ 875 Customer Challenge |
| ❑ 190 Other Contract | Product Liability | ❑ 385 Property Damage | ❑ 720 Labor/Mgmt. Relations | ❑ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ❑ 195 Contract Product Liability | ❑ 360 Other Personal | Product Liability | ❑ 730 Labor/Mgmt.Reporting | ❑ 864 SSID Title XVI | ❑ 890 Other Statutory Actions |
| ❑ 196 Franchise | Injury | | & Disclosure Act | ❑ 865 RSI (405(g)) | ❑ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❑ 892 Economic Stabilization Act |
| ❑ 210 Land Condemnation | ❑ 441 Voting | ❑ 510 Motions to Vacate | ❑ 790 Other Labor Litigation | ❑ 870 Taxes (U.S. Plaintiff | ❑ 893 Environmental Matters |
| ❑ 220 Foreclosure | ❑ 442 Employment | Sentence | ❑ 791 Empl. Ret. Inc. | or Defendant) | ❑ 894 Energy Allocation Act |
| ❑ 230 Rent Lease & Ejectment | ❑ 443 Housing/ | **Habeas Corpus:** | Security Act | ❑ 871 IRS—Third Party | ❑ 895 Freedom of Information |
| ❑ 240 Torts to Land | Accommodations | ❑ 530 General | | 26 USC 7609 | Act |
| ❑ 245 Tort Product Liability | ❑ 444 Welfare | ❑ 535 Death Penalty | **IMMIGRATION** | | ❑ 900Appeal of Fee Determination |
| ❑ 290 All Other Real Property | ❑ 445 Amer. w/Disabilities - | ❑ 540 Mandamus & Other | ❑ 462 Naturalization Application | | Under Equal Access |
| | Employment | ❑ 550 Civil Rights | ❑ 463 Habeas Corpus - | | to Justice |
| | ❑ 446 Amer. w/Disabilities - | ❑ 555 Prison Condition | Alien Detainee | | ❑ 950 Constitutionality of |
| | Other | | ❑ 465 Other Immigration | | State Statutes |
| | ❑ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN  (Place an "X" in One Box Only)

☒ 1  Original<br>Proceeding    ❑ 2  Removed from<br>State Court    ❑ 3  Remanded from<br>Appellate Court    ❑ 4  Reinstated or<br>Reopened    ❑ 5  Transferred from<br>another district<br>(specify)    ❑ 6  Multidistrict<br>Litigation    ❑ 7  Appeal to District<br>Judge from<br>Magistrate<br>Judgment

| VI. CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):<br>17 U.S.C. §§ 101 et seq.    15 U.S.C. § 1125<br>Brief description of cause:<br>Copyright infringement, False advertising |
|---|---|

| VII. REQUESTED IN<br>COMPLAINT: | ❑ CHECK IF THIS IS A CLASS ACTION<br>UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint:<br>JURY DEMAND:  ❑ Yes  ❑ No |
|---|---|---|---|

| VIII. RELATED CASE(S)<br>IF ANY | (See instructions): | JUDGE | | DOCKET NUMBER |
|---|---|---|---|---|

DATE October 7, 2009     SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Robert K. Vicino | : | CIVIL ACTION |
| Fractional Villas, Inc. | : | |
| v. | : | |
| David Lucas | : | |
| Lucas & Associates, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (X)


| | | |
|---|---|---|
| October 7, 2009 | Antranig Baronian | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-568-4900 | 215-567-5057 | abaronian@paulandpaul.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| : | |
| ROBERT K. VICINO, an individual, and : | |
| FRACTIONAL VILLAS, INC., a California : | |
| Corporation : | |
| Plaintiffs, : | CIVIL ACTION 09-CV-_____ |
| : | |
| v. : | |
| : | |
| DAVID LUCAS, an individual and : | |
| LUCAS & ASSOCIATES, LLC, : | |
| a Pennsylvania Limited Liability Company : | |
| Defendants : | |
| : | |

**COMPLAINT**

Now come Plaintiffs, Robert K. Vicino and Fractional Villas, Inc., by its attorneys, and for their complaint against Defendants, David Lucas and Lucas and Associates, LLC, alleges as follows:

**PARTIES**

1. Plaintiff, Fractional Villas, Inc. (hereinafter "FVI"), is a California corporation having its principal place of business at 985 Jeffrey Road, Del Mar, CA 92014.

2. Plaintiff, Robert K. Vicino (hereinafter "Vicino"), is an individual residing in Del Mar, CA.

3. Upon information and belief, defendant, David Lucas (hereinafter "Lucas"), is an individual residing at 916 Grandview Drive, Exton, PA 19341.

- 1 -

4.      Upon information and belief, defendant, Lucas & Associates, LLC (hereinafter L&A), is a Pennsylvania limited liability company.


**JURISDICTION**

5.      This action arises under the Copyright Laws of the United States, 17 U.S.C. §§ 101 *et seq.*

6.      This Court has jurisdiction over the subject matter of the causes of action stated herein pursuant 28 U.S.C. §§ 1331 and 1338.

7.      Upon information and belief, Lucas is a resident of the Commonwealth of Pennsylvania and L&A, is a Pennsylvania limited liability company which conducts business within this judicial district, and is subject to the personal jurisdiction of this Court, pursuant to the laws of the Commonwealth of Pennsylvania and the Federal Rules of Civil Procedure.

8.      Venue in this Court with regard to Lucas and L&A is proper pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a).


**BACKGROUND**

9.      Vicino is the author of the works entitled "Fractional Villas.com website (www.fractionalvillas.com)", Copyright Registration No. TX-6-613-055 ("the Copyright"). A certified copy of the registration is attached as Exhibit A.  FVI is the Copyright Claimant.  The Copyright was filed October 11, 2007, and the registration became effective the same date.  The works pertain to a website offering fractional ownership in luxury properties.  Both the website content and source code are protected by the Copyright.

10.     The works protected by Copyright Registration No. TX-6-613-055 are works of authorship fixed in a tangible medium of expression that contain a substantial amount of

- 2 -

material created by the skill, labor, and judgment of Vicino that was first published on October 5, 2007.

11.     The works protected by Copyright Registration No. TX-6-613-055 are derivative works of prior versions.  The prior versions were first published at least by March 27, 2005.

12.     The Copyright is licensed solely and exclusively by Vicino to FVI, which markets, advertises, and sells fractional ownership in luxury properties through www.fractional villas.com   FVI sublicenses and/or authorizes the use of certain content protected by the Copyright to other individiuals and/or organizations by separate agreement.

13.     The Fractional Villas website includes sections that explain fractional ownership, the rights and obligations of owners, costs, how properties are furnished, how use of a property is managed among co-owners, and answers to frequently asked questions. The bottom of each page on the website includes a clear and conspicuous notice of copyright registration.

14.     Between 2006 and 2008, Lucas was President of a Pennsylvania limited liability company, Lucas & Associates, LLC.

15.     In 2006, Lucas was approached by Larry DiSabatino, the owner of property in Delaware, seeking consultation for starting a business that sells and manages fractional ownership properties.

16.     On December, 29, 2006, Lucas and Larry DiSabatino entered into a Statement of Work ("SOW") which was an agreement that outlined the services that Lucas would provide in delevoping a business plan.  Under the "Technical Environment" section of the SOW, Lucas agreed to provide a marketing plan that included a website strategy, design and functional requirements.

17.     A first formal meeting between Lucas and Larry DiSabatino was held on January 22, 2007.

18.     In preparation of the January 22, 2007 meeting, Lucas copied portions of Plaintiff's copyrighted work and pasted them into a word document entitled "Delmarva Resorts Website."

19.     A copy of Delmarva Resorts Website was attached to an email to Larry DiSabatino prior to the meeting on January 22, 2007 and described as follows by Lucas:

"I have outlined a website strategy that includes navigational tabs and content. I have purposely erred on the side of too much information as I believe it is easier to take things out of a website than put things in (content).  Please review for ease of understanding.  The next step will be to provide this document to a web designer who can create the appropriate supporting visual effects, imagery, sound, etc to support our initiative."

20.     Lucas received $15,000 in February 2007 upon completion of the work specified in the SOW.

21.     From February 2007 until April 2007, Larry DiSabatino periodically contacted Lucas for his opinion on website designs.

22.     The content of the Delmarva Resorts Website document was ultimately incorporated, or significant portions thereof into a website for Larry DiSabatino's fractional property business, http://www.coastalresorthomes.com.

23.     Neither Larry DiSabatino, nor Lucas obtained permission from Vicino or FVI to use any portion of the Copyright protected work.

24.     DiSabatino's website was indexed by major search engines Google and Yahoo, and broadcast worldwide in response to key word searches, and thus was in direct competition with Vicino's original work for visitors and buyers.  FVI's business and reputation were irreparably harmed by the confusion caused by the dual publication of the infringed material through web search engine results from Google, Yahoo, et al.

**COUNT I - COPYRIGHT INFRINGEMENT**

25.     Plaintiffs repeat and reallege paragraphs 1-24 of this Complaint and in addition allege:

26.     Defendants reproduced the work protected by the Copyright and incorporated that work, or significant portions thereof, into a website marketing plan produced in connection with consultation services for the Defendants' client who ultimately copied the work, or significant portions thereof, onto the client's Internet site.

27.     By committing the acts alleged herein, including but not limited to reproducing the work protected by the Copyright and incorporating that work, or significant portions thereof, into a website marketing plan for use on a client's Internet site, Defendants have infringed, induced, and/or contributed to the infringement of the Copyright.

28.     Upon information and belief, Plaintiffs allege that Defendants' infringement, inducement of infringement, and/or contributory infringement of the Copyright has been willful, deliberate, knowing, and with wanton disregard of Plaintiff's ownership of the Copyright.

29.     Upon information and belief, Plaintiffs allege that Defendants will continue to infringe, continue to induce others to infringe, and/or continue to contributorily infringe the Copyright to Plaintiffs' irreparable damage unless enjoined by this court.

30.     Plaintiffs have been damaged by the foregoing infringing acts of Defendants. The exact amount of such damages can be determined upon an accounting.

WHEREFORE, Plaintiffs pray to this Court:

    (A)     That a permanent injunction be granted perpetually enjoining Defendants from further infringement of U.S. Copyright Registration No. TX-6-613-055;

    (B)     That a judgment be entered that Defendants have infringed, actively induced others to infringe, and/or contributorily infringed U.S. Copyright Registration No. TX-6-613-055;

(C)     That a judgment be entered that Defendants be required to pay over to Plaintiffs all damages sustained by Plaintiffs due to Defendant's intentional, willful, and malicious infringement of U.S. Copyright Registration No. TX-6-613-055;

(D)     That all gains, profits, and advantages derived by Defendants from their acts of infringement and other violations of law be deemed held in constructive trust for the benefits of Plaintiffs;

(E)     That Defendants, and each of them, account to Plaintiffs for their profits and any damages sustained by Plaintiffs arising from the foregoing acts of infringement;

(F)     That punitive damages be awarded;

(G)     That costs and prejudgment interest be awarded on all damages;

(H)     That Plaintiffs be awarded their attorneys' fees as available under the Copyright Act, 17 U.S.C. § 505;

(I)     That an order be entered requiring Defendants to deliver up to be impounded during the pendency of this action all copies of copyrighted material in the Defendants' possession and infringing U.S. Copyright Registration TX-6-613-055; and

(J)     That Plaintiffs be awarded such other and further relief as the court deems appropriate.

## COUNT II – UNFAIR COMPETITION

31.     Plaintiffs repeat and reallege paragraphs 1-30 of this Complaint and in addition allege:

32.     This court has jurisdiction of this action under its supplemental jurisdiction authority pursuant to 28 U.S.C. § 1338(b) to hear Plaintiff's related federal claim of unfair

competition that arises out of the same operative facts as the federal copyright infringement claim set forth above.

33.     Upon information and belief, Plaintiffs allege that Defendants use of Plaintiff's copyrighted content in the Delmarva Resorts Website document and subsequent posting on http://coastalresorthomes.com resulted in a false or misleading description of fact in a commercial advertising and constitutes unfair competition under the Trademark Act, 15 U.S.C. § 1125(a).

34.     By reason of the conduct alleged herein, Defendants are guilty of malice, oppression, and willful disregard of the rights of Plaintiffs.

35.     As a direct and proximate cause of Defendants' wrongful conduct, Plaintiffs have sustained and will sustain injury to their business and property in an amount not yet precisely ascertainable but including the loss of sales of their products and loss of reputation and goodwill.

WHEREFORE, Plaintiffs pray to this Court:

(A)     That a judgment be entered that Defendants have supplied a false or misleading description of fact in a commercial advertising or promotion, which misrepresents the characteristics of Larry DiSabatino's goods and/or services;

(B)     That a judgment be entered that Defendants be required to pay over to Plaintiffs all damages sustained by Plaintiffs due to Defendants' misrepresentations;

(C)     That all gains, profits, and advantages derived by Defendants from their misrepresentations and other violations of law be deemed held in constructive trust for the benefits of Plaintiffs;

(D)     That Defendants, and each of them, account to Plaintiffs for their profits and any damages sustained by Plaintiffs arising from the foregoing acts, costs of

this action and an award of attorneys' fees as available under the Trademark Act,

15 U.S.C. § 1117(a);

(E)    That punitive damages be awarded;

(F)    That prejudgment interest be awarded on all damages; and

(G)    That Plaintiffs be awarded such other and further relief as the court

deems appropriate.

**ROBERT K. VICINO.**
**FRACTIONAL VILLAS, INC.**

Dated:  October 6, 2009                    BY: _____

ALEX R. SLUZAS, ESQ.
 Pennsylvania Atty. No.  39931
ANTRANIG BARONIAN, ESQ.
 Pennsylvania Atty. No. 200068
ATTORNEYS FOR PLAINTIFFS

PAUL & PAUL
Two Thousand Market Street
Suite 2900
Philadelphia, PA  19103
(215) 568-4900

Exhibit A

# Certificate of Registration

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

REGIST **TX 6-613-055**

*TX0006613855*

**EFFECTIVE DATE OF REGISTRATION**

Month **Oct** Day **11** Year **2007**

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1** **TITLE OF THIS WORK ▼**
FractionalVillas.com website (http://www.fractionalvillas.com)

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. **Title of Collective Work ▼**

If published in a periodical or serial give: Volume ▼          Number ▼          Issue Date ▼          On Pages ▼

---

**2**
**a** **NAME OF AUTHOR ▼**
Robert K. Vicino

**DATES OF BIRTH AND DEATH**
Year Born ▼ 1953          Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ USA
Domiciled in ▶ USA

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼
Internet website including all associated pages, text, photographs, design, code, and graphics.

**b** **NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c** **NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

---

**3**
**a** **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.
2007 ◀ Year

**b** **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.
Month ▶ October   Day ▶ 5   Year ▶ 2007
Nation ▶ USA ◀ Nation

---

**4**
See instructions before completing this space.

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
**Robert Vicino** **Fractional Villas, Inc.**
985 Jeffrey Road
Del Mar, CA 92014

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼
Transfer of all rights of copyright to Fractional Villas, Inc. by Robert K. Vicino. The company is majority owned by Robert K. Vicino.

**APPLICATION RECEIVED**
**OCT 11 2007**
**ONE DEPOSIT RECEIVED**

**TWO DEPOSITS RECEIVED**
**OCT 11 2007**
**FUNDS RECEIVED**

DO NOT WRITE HERE
OFFICE USE ONLY

---

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions. • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of _____ pages

\*Amended by CO Authority Telephone Call on 10/25/07 with Robert K. Vicino.

\*\*Amended by CO per email received on 10/25/07 from Robert K. Vicino.

| EXAMINED BY | | FORM TX |
|---|---|---|
| CHECKED BY | | |

CORRESPONDENCE
☑ Yes

FOR COPYRIGHT OFFICE USE ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: **Previous Registration Number ▶**          **Year of Registration ▶**

**5**

**DERIVATIVE WORK OR COMPILATION**
**Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

Prior versions of the http://www.fractionalvillas.com website, which was first published on March 27, 2005

**a**

**6**

See instructions before completing this space.

**Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

Numerous html code, text, ~~design~~, graphic, photographic and ~~layout modifications~~ have been made and updated since the original publication, on an ongoing and continuous basis.

**b**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
**Name ▼**          **Account Number ▼**

**a**

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.   Name / Address / Apt / City / State / Zip ▼

Fractional Villas, Inc., Attn: Robert K. Vicino
985 Jeffrey Road
Del Mar, CA 92014

**b**

Area code and daytime telephone number ▶ 619-252-8311          Fax number ▶ 858-228-1772

Email ▶ rvicino@fractionalvillas.com

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the
Check only one ▶
☑ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of _____

**8**

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**Typed or printed name and date ▼** If this application gives a date of publication in space 3, do not sign and submit it before that date.

Robert K. Vicino          Date ▶ 10/05/2007

Handwritten signature ▼

| Certificate will be mailed in window envelope to this address: | Name ▼ Robert K. Vicino |
|---|---|
| | Number/Street/Apt ▼ 985 Jeffrey Road |
| | City/State/Zip ▼ Del Mar, CA 92014 |

**9**

**YOU MUST**
• Complete all necessary spaces
• Sign your application in space 8

**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE**
1. Application form
2. Nonrefundable filing fee in check or money order payable to *Register of Copyrights*
3. Deposit material

**MAIL TO:**
Library of Congress
Copyright Office
101 Independence Avenue SE
Washington, DC 20559-6222

\*17 USC §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.